# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. WILSON and SHAY J. WILSON,<br><br>Defendants. | Case No.  1:13-cv-01385-LJO-SMS<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Doc. 12) |

Plaintiff United States of America ("Government") brought this action to reduce to judgment federal individual income tax assessments against Defendants Donald J. Wilson and Shay J. Wilson for tax years 1996, 1997, 1999, 2000, 2001, 2003, 2004, and 2011.  On March 6, 2014, after Defendants failed to respond to the summonses served on them in this action, the Government moved for default judgment.  The Government's motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 302(c)(19).

The undersigned has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  Having considered all written materials submitted in support of the motion, the record as a whole, and applicable law, the undersigned recommends that the District Court grant the Government default judgment.

1

I.      **Procedural and Factual Background**

On August 29, 2013, the Government filed its complaint in this action seeking to reduce to judgment federal tax assessments against Defendants for outstanding federal income tax liabilities for tax years 1996, 1997, 1999, 2000, 2001, 2003, 2004, and 2011.  The complaint seeks judgment that Defendants are indebted to the Government in the amount of the assessments; that the Government's liens against Defendants are valid against all of Defendants' property and rights to property, real or personal; and that the Government be granted its costs and attorneys' fees in this action.  The background information set forth in this section is derived from the allegations of the Government's complaint and the Court's docket.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.  Because Defendants reside in Stanislaus County, the proper venue is the Fresno Division of the Eastern District of California.

On multiple dates, an authorized delegate of the Secretary of the Treasury made timely tax assessments for federal individual income taxes, penalties, interest, and other statutory additions against Defendants for tax years 1996, 1997, 1999, 2000, 2001, 2003, 2004, and 2011.  The Government provided proper notice and demand for payment of each of the individual assessments.  Defendants requested installment agreements and filed offers of compromise with the Internal Revenue Service, extending the statute of limitations for collection of assessments beyond the ordinary ten-year limitations period.  Despite the Government's timely notice and demand for payment, including interest to April 30, 2014, Defendants have neglected, failed, or refused to pay assessments totaling $194,147.43, plus accrued but unassessed interest, penalties, and other additions provided by law.  (After April 30, 2014, interest has continued to accrue daily.)

///

On the date of each tax assessment, tax liens arose in favor of the Government upon all property and rights to property, both real and personal, belonging to one or both Defendants on the date of the assessment. The Government filed notices of federal tax liens against the Defendants in the Recorders' Offices of Stanislaus County, California and Stillwater County, Montana.

The Government served the summons and complaint, and associated documents on Defendant Shay J. Wilson on September 6, 2013, and on Defendant Donald J. Wilson on September 21, 2013. Neither Defendant has filed an answer or otherwise appeared in this action. At the Government's request, the Clerk of Court entered default against each of the Defendants on November 12, 2013. The Government moved for default judgment on March 6, 2014.

## II.     Discussion

Federal Rule of Civil Procedure 55(b)(2) provides that the Court may enter default judgment following the Clerk's entry of default pursuant to F.R.Civ.P. 55(a). Granting or denying an application for default judgment is a matter of the district court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To determine the propriety of entering default judgment, the Court must consider (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D.Cal. 1999). Nonetheless, "default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1471.

///

After the Clerk has entered default, the complaint's factual allegations are generally accepted as true, except for allegations regarding damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Court may enter a default judgment without a hearing on damages when it can ascertain the amount claimed from definite figures set forth in detailed affidavits or documentary evidence. *Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D.Cal. 1997).

By failing to respond, the defendant is deemed to have admitted all well-pleaded allegations of the complaint. *Cripps v. Life Ins. Co. of North Amer.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Failure to respond does not establish necessary facts omitted from the complaint and legally insufficient claims, however. *Id.*

### A. Possibility of Prejudice

When the Government moves for default judgment in a case seeking to reduce tax assessments to judgment, the Court's denying the motion will prejudice the Government, which has no other means of recovering damages suffered due to the defendant's failure to comply with the tax assessments. Denying default would frustrate the system of collecting delinquent federal income taxes and prejudices the public treasury. *See Key Bank Nat'l Ass'n v. Van Noy*, 2008 WL 4646045 at *7 (D.Or. Oct. 17, 2008) (Civil No. 07-10-76-HU).

### B. Merits of the Claim and Sufficiency of Complaint

In evaluating these two related *Eitel* factors, the Court must consider whether the allegations of the complaint are sufficient to state a claim supporting the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *PepsiCo*, 238 F.Supp.2d at 1175. In this case, the Government filed a well-pleaded complaint that alleges the statutory authority by which it brings the action, the nature of the tax assessments and amounts at issue, and its compliance

///

with the statutory notice requirements. Having been sufficiently pled and supported by evidence in the form of tax assessments, the Government's claim is meritorious.

### C. Sum of Money at Stake

The fourth *Eitel* factor requires the Court to consider the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo*, 238 F.Supp.2d at 1176-77. As of April 30, 2014, Defendants owe the Government $194,147.43, plus accrued but unassessed interest, penalties, and other additions provided by law. Because Defendants failed to defend their interests despite having received statutory notice of these proceedings, the amount at issue does not preclude entry of default judgment.

### D. Likelihood of a Material Factual Dispute

Because of the straightforward facts of this case and the well-pleaded complaint, a material factual dispute between the parties in unlikely. Defendants' failure to file an answer or otherwise appear in the case also supports a conclusion that the likelihood of a material factual dispute is minimal.

### E. Excusable Neglect

Nothing in the record before the Court supports an inference that Defendants failed to respond due to excusable neglect. *See PepsiCo*, 238 F.Supp.2d at 1177. Although the Government properly served Defendants with process, Defendants have neither appeared in this action nor taken any other action to defend themselves.

### F. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. When a defendant's failure to defend precludes a decision on the merits, however, the Court's granting a default judgment is appropriate. *See PepsiCo*, 238 F.Supp.2d at 1177.

///

### G. Grant Motion for Default Judgment

Consideration of the *Eitel* factors favors the grant of the Government's motion for default judgment.

### H. Terms of Judgment

"In an action to collect tax, the government bears the initial burden of proof. The government . . . may satisfy this initial burden by introducing into evidence its assessment of taxes due." *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990).  Accordingly, the Government has submitted the declaration of Revenue Officer Josephine Ramos, accompanied by computer generated breakdowns of the amounts owed by Defendants for the tax years in question in this case.  Reviewed as a whole, the Government's documentation satisfies its initial burden of proof.  *See Oliver*, 921 F.2d at 919.  Defendants did not challenge the documentation. Accordingly, the undersigned recommends that judgment be entered against Defendants in the amount of $194,147.43, plus accrued but unassessed interest, penalties, and other additions provided by law.  As required by 28 U.S.C. § 1961, the undersigned also recommends that the Government be provided post judgment interest on the award.  *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995); *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir. 1984).

## III. Conclusion and Recommendations

In light of the reasons discussed above, the undersigned recommends that

1. The District Court grant Plaintiff United States of America default judgment against Defendants Donald J. Wilson and Shay J. Wilson;

2. The Clerk of Court enter judgment against Defendants for individual federal income tax liabilities for the tax years 1996, 1997, 1999, 2000, 2001, 2003, 2004,

///

and 2011, in the amount of $194,147.43, plus accrued but unassessed interest, penalties, and other additions provided by law;

3. That post judgment interest accrue on the award pursuant to 28 U.S.C. § 1961;

4. That the District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed judgment of default and final forfeiture consistent with the findings and recommendations and with the order adopting them.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, any party may file written objections with the court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 7, 2014**                             **/s/ Sandra M. Snyder**
                                                                     UNITED STATES MAGISTRATE JUDGE